The Honorable Robert J. Bryan

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WILLIAM R. SCAGGS JR.,

    Plaintiff,

v.

UNITED STATES DEPARTMENT OF
DEFENSE INSPECTOR GENERAL,

    Defendant.

Case No. C08-05544RJB

ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS FOR LACK OF
SUBJECT MATTER JURISDICTION

This matter comes before the court on Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. 5); Plaintiff's Motion for Summary Judgment (Dkt. 9, 10) (it appears that Plaintiff mistakenly did not include exhibits in his first motion and filed the same motion again with exhibits); and Defendant's Motion to Stay Briefing on Plaintiff's Motion for Summary Judgment (Dkt. 12). The court has considered the pleadings filed in support of and in opposition to the motions and remainder of the file herein.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On September 10, 2008, Plaintiff, who is proceeding *pro se*, filed a complaint against the Defendant, United States Department of Defense Inspector General ("DODIG"). Dkt. 1. The Plaintiff alleges that the DODIG has "refused to provide all documents associated with [his] case file directly to [him] in accordance with DoD 5400.7-R, dated September 1998, section C1.5.9.1." Dkt. 1 at 2. The Plaintiff asserts that he "specifically objected to the referral of any documents to the originators for release determination." Dkt. 1 at 2. The Plaintiff is seeking "full

disclosure of all documents concerning [his] case" from DODIG. Dkt. 1 at 3.

On May 1, 2007, the OIG DoD FOIA Requester Service Center/Privacy Act Office ("DODIG FOIA Office") received an email FOIA request dated April 20, 2007, from Mr. Scaggs. Dkt. 6 ¶ 8. On June 6, 2007, Darryl R. Aaron, Chief FOIA Office, responded to Mr. Scaggs' request by releasing 327 pages of responsive documents and sending a letter containing specific instructions for appealing the decision regarding the release of documents ("IDA decision letter"). Dkt. 6 ¶ 11. The IDA decision letter stated in part:

> You have the right to appeal this decision of withholding information from you that is responsive to your FOIA request. If you should appeal, your appeal must be in writing to the Appellate Authority:
>
> > Mr. John R. Crane
> > Assistant Inspector General
> > Office of Communications and Congressional Liaison
> > 400 Army Navy Drive, Room 1034
> > Arlington, Virginia 22202-4704
>
> To be considered, your appeal should be postmarked no later than 60 calendar days from the date of this letter. Please give your reasons for the appeal and write "Freedom of Information Act Appeal" printed clearly on the envelope and the letter. Also reference your FOIA request number 07-0171 in your appeal letter, and include a copy of this letter.

Dkt. 6 at 13. Mr. Aaron also gave notice to Mr. Scaggs that DODIG was referring several records to the Department of the Air Force for release determination. Dkt. 6 at 12. The IDA decision letter stated in part:

> We have identified documents that did not originate with our agency. The Department of Defense FOIA referral policy requires that the document originator make the release determination and a direct response to the requester.

Dkt. 6 at 12. Mr. Scaggs' request and records were subsequently referred to several organizations. *See* Dkt. 6 ¶¶ 12 - 17. Mr. Scaggs' request and records were ultimately received by the Department of the Air Force Reserve Command FOIA Office ("AFRC FOIA Office"). Dkt. 6 ¶ 16. On October 9, 2007, Colonel John L. Hayes, USAF, Director of Communications, AFRC FOIA Office, sent a decision letter ("AFRC decision letter") to Mr. Scaggs releasing 164 pages of material. Dkt. 7 at 6. Mr. Hayes also notified Mr. Scaggs of the appeal procedures in the AFRC decision letter. *Id*. Chief Master Sergeant Calvin E. Dixon, USAF, who oversees the FOIA program for the AFRC, stated that as of November 10, 2008, the AFRC FOIA Office had

not received an appeal request from Mr. Scaggs.  Dkt. 7 ¶¶ 1, 9.

On July 14, 2007, Mr. Scaggs alleges that he sent a letter to the "DoD IG FOIA officer", via certified mail, in response to the IDA decision letter.  Dkt. 10 at 2, 6, 7.  Mr. Scaggs' July 14, 2007 letter ("Decision Response Letter") was addressed to:

> Inspector General
> Dept of Defense
> Attn: FOIA Officer
> 400 Army Navy Dr.
> Arlington, VA 22202-4704

Dkt. 10 at 6, 7.  Mr. Scaggs stated in his letter that he was "still waiting to receive all records responsive to [his] request" and that Sandra Hill, the point of contact provided by Mr. Aaron in the IDA decision letter, had not returned his phone calls.  Dkt. 10 at 6.  Mr. Scaggs also objected to the referral of his FOIA request and records to the Department of the Air Force.  Dkt. 10 at 6.  Mr. Scaggs stated in his Decision Response Letter:

> In accordance with DoD 5400.7-R, dated September 1998, section C1.5.9.1, I object to the referral of my FOIA request and would like your office provide [sic] a complete disclosure of the records that I originally requested on April 20, 2007.

Dkt. 10 at 6.  Mr. John R. Crane, the Assistant Inspector General for the Office of Communications and Congressional Liaison, Office of the Inspector General of the Department of Defense, stated in his declaration that the FOIA Office did not receive Mr. Scaggs' Decision Response Letter.  Dkt. 6 ¶19.

On July 25, 2007, Mr. Scaggs submitted a follow up letter to the "DoD IG FOIA officer" at the same address as his Decision Response Letter.  Dkt. 6 at 19.  Mr. Scaggs' July 25, 2007 letter ("Follow-Up Letter") stated:

> Please reply to my previous letter dated July 14th in writing and process my overdue FOIA request from April 30th, 2007, as soon as possible.

Dkt. 6 at 19.  Mr. Scaggs' Follow-Up Letter was received on July 27, 2007 by the FOIA Office.  Dkt. 6 ¶ 18.

Mr. Crane stated in his declaration that a staffer with the FOIA Office made three phone calls to Mr. Scaggs between July 25, 2007 and August 7, 2007, and "left detailed voice messages with a contact number each time."  Dkt. 6 ¶ 20.  After August 7, 2007, there appears,

from the record, to be no further communications between the Mr. Scaggs and the FOIA office, Mr. Crane, or DODIG.

## II. DISCUSSION

A complaint must be dismissed under Fed. R. Civ. P. 12(b)(1) if, considering the factual allegations in the light most favorable to the plaintiff, the action: (1) does not arise under the Constitution, laws, or treaties of the United States, or does not fall within one of the other enumerated categories of Article III, Section 2, of the Constitution; (2) is not a case or controversy within the meaning of the Constitution; or (3) is not one described by any jurisdictional statute. *Baker v. Carr*, 369 U.S. 186, 198 (1962); *see* 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1346 (United States as a defendant). When considering a motion to dismiss pursuant to Rule 12(b)(1), the court is not restricted to the face of the pleadings, but may review any evidence to resolve factual disputes concerning the existence of jurisdiction. *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988), *cert. denied*, 489 U.S. 1052 (1989); *Biotics Research Corp. v. Heckler*, 710 F.2d 1375, 1379 (9th Cir. 1983). A federal court is presumed to lack subject matter jurisdiction until plaintiff establishes otherwise. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994); *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). Therefore, plaintiff bears the burden of proving the existence of subject matter jurisdiction. *Stock West*, 873 F.2d at 1225; *Thornhill Publishing Co., Inc. v. Gen'l Tel & Elect. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

Where a FOIA plaintiff attempts to obtain judicial review without first exhausting administrative remedies, the lawsuit is subject to dismissal for lack of subject matter jurisdiction. *See Hymen v. Merit Sys. Protection Bd.*, 799 F.2d 1421, 1423 (9th Cir. 1986) (*overruled on other grounds by Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89 (1990)). Where no attempt to comply fully with agency procedures has been made, the courts will assert their lack of jurisdiction under the exhaustion doctrine. *United States v. Steele*, 799 F.2d 461, 466 (9th Cir. 1986). A party who makes a records request under the FOIA "must request specific information in accordance with published administrative procedures," and "have the request improperly refused before the party

can bring" suit in federal court. *Id*. The purpose underlying the exhaustion doctrine include the opportunity for the agency to exercise its discretion and expertise and the opportunity to make a record for the district court to review. *Id*. (citation omitted).

Here, Mr. Scaggs asserts that the DODIG has "refused to provide all documents associated with [his] case file directly to [him] in accordance with DoD 5400.7-R, dated September 1998, section C1.5.9.1." Dkt. 1 at 2. The DODIG argues that the Mr. Scaggs' complaint should be dismissed because he does not have subject matter jurisdiction due to lack of exhaustion of administrative remedies.

Mr. Scaggs did not exhaust his administrative remedies because he may still object to the referral of his request and records or make an appeal request. Department of Defense FOIA Regulation 5400.7-R, "DoD Freedom of Information Act Program," Chapter 1.5.9.1 states in relevant part:

> While referrals to originators of information result in obtaining the best possible decision on release of the information, the policy does not relieve DoD Components from the responsibility of making a release decision on a record should the requester object to referral of the request and the record. Should this situation occur, DoD Components *should* coordinate with the originator of the information prior to making a release determination.

DoD 5400.7-R, September 1998, Chapter 1.5.9.1. In the IDA decision letter, Mr. Aaron notified Mr. Scaggs of the referral of his request and records to the Department of the Air Force. Mr. Scaggs could have objected at that point, but, as explained above, the DODIG FOIA office never received Mr. Scaggs' Decision Response Letter objecting to the referral. The only letter received by the DODIG FOIA office was the Follow-Up Letter by Mr. Scaggs, which did not contain an objection to the referral. Since the DODIG FOIA office has not received Mr. Scaggs' objection, he may still pursue that remedy with the DODIG FOIA office. Further, Mr. Scaggs could have renewed his objection to the referral of his request and records after each subsequent referral from the DODIG to the ultimate originator, AFRC FOIA office. It appears from the record that Mr. Scaggs did not object after each referral. Therefore, Mr. Scaggs may still object.

Additionally, Mr. Scaggs could have appealed the IDA decision letter and the AFRC decision letter. While both the DODIG and AFRC decision letters state that Mr. Scaggs has 60 days to submit an appeal request, DoD 5400.7-R, states:

ORDER
Page 5

> If no appeal is received, or if the appeal is postmarked after the conclusion of this 60-day period, the appeal may be considered closed. *However, exceptions to the above may be considered on a case by case basis.* (emphasis added).

DoD 5400.7-R, September 1998, Chapter 5.3.3.1. Both the DODIG and the AFRC state that they have not received an appeal request from Mr. Scaggs, but this does not prevent Mr. Scaggs from attempting to seek an appeal, if appropriate.

Mr. Scaggs has not exhausted his administrative remedies since he may still seek an objection to the referrals and seek an appeal. Since Mr. Scaggs did not exhaust his administrative remedies, the court lacks subject matter jurisdiction over his claims.

Finally, the DODIG FOIA office was not given opportunity to create a record for review because a final decision or refusal was not made. A decision or refusal regarding Mr. Scaggs' objection did not occur because the DODIG FOIA office did not receive notice of an objection. The DODIG FOIA office never received Mr. Scaggs' Decision Response Letter containing the objection to referral. Mr. Scaggs' Follow-Up Letter, which was received by the DODIG FOIA office, does not contain an objection to the referral. Finally, Mr. Scaggs never made phone contact with the DODIG FOIA office to put DODIG on notice of his objection to the referral. Since there was no notice of Mr. Scaggs' objection, nor an appeal, the DODIG FOIA office did not have an opportunity to make a decision on Mr. Scaggs' objection or to improperly refuse Mr. Scaggs' objection. Since there was no decision or refusal by DODIG, the was no opportunity to create a record for review.

For the foregoing reasons, the Defendant's motion to dismiss for lack of subject matter jurisdiction should be granted.

### III. ORDER

Therefore, it is hereby **ORDERED** that Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. 5) is **GRANTED**; Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**; Plaintiff's pending Motion for Summary Judgment (Dkt. 9 and 10) is **DENIED** as moot; and Defendant's pending Motion for Stay (Dkt. 12) is **DENIED** as moot.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

IT IS SO ORDERED this 16th day of December.

_____
ROBERT J. BRYAN
United States District Judge